THE ATTORNEY GENERAL
OF TEXAS
GERALD C. MANN
ATTORNEY GENERAL



January 23, 1939

Honorable Geo. H. Shepperd
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinon No. 168
Re: Right of refund of gaso-
line taxes paid where
trucks operate behind
barriers on public roads.

This Office is in receipt of your letter of January 16, 1939, inquiring, first, whether a refund of gasoline tax should be made where the trucks used by a contractor are operated solely behind barriers in the construction of roads between points where there has never been a public highway and, second, where such trucks are used behind barriers and the old road crisscrosses the construction of the new.

You desire these questions to be answered when trucks are involved which had been driven to the place of construction on the highways as well as trucks which had been shipped by railway to the place of construction.

Article 7065a, Section 2(a), Revised Civil Statutes, provides:

"There is hereby imposed an occupation or excise tax of four (4) cents on each gallon of motor fuel or fractional part thereof. . . ."

Article 7065a, Section 13(a), Revised Civil Statutes, provides:

"Any person who purchases motor fuel in the State of Texas and any distributor who appropriates motor fuel for use, when such motor fuel purchased by such person or used by such distributor for operating or propelling any stationary gas engine or tractor used for agricultural purposes, motor boats, air craft or

for any other purpose other than use in a motor vehicle operated or intended to be operated in whole or in part upon any of the public highways, roads and streets of the State of Texas, on which motor fuel tax has been paid either directly or indirectly, shall be refunded the amount of such taxes so paid by the distributor, exclusive of the deduction for evaporation and loss in the manner and subject to the limitations and conditions described herein. . . ."

Article 7065a, Section 13(c), Revised Civil Statutes, provides:

"No refund of the tax shall be allowed on motor fuel used in any registered or licensed motor vehicle or in any motor vehicle operated or intended to be operated in whole or in part upon any of the highways, roads and streets of this State."

Article 6675a, Sec. 2, Revised Civil Statutes, requires that:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the ensuing or current calendar year or unexpired portion thereof; provided, however, that owners of farm tractors, farm trailers, farm-semi-trailers, and implements of husbandry, operated or moved temporarily upon the highways shall not be required to register such farm-tractors, farm-trailers, farm-semi-trailers, or implements of husbandry;. . ."

Article 6675a, Section 1(m), Revised Civil Statutes, defines a "public highway" as follows:

"'Public Highway' shall include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled for the use of vehicles over which the State has legislative jurisdiction under its police power."

From the above statutes, it is seen that a tax of four cents is levied on each gallon of motor fuel, with certain exemptions set forth in 7065a, Section 13(a). From a study of the exemptions, it becomes apparent that the truck operators you mention cannot hope to claim a refund unless they bring themselves within the exemption provided when the motor fuel is not for use "in a motor vehicle operated or intended to be operated in whole or in part upon any of the public highways, etc."

Article 7065a, Section 1(g), Revised Civil Statutes, defines a "public highway" as follows:

"'Public Highway' shall mean and include every way or place of whatever nature open to the use of the public as a matter of right for the purpose of vehicular travel."

We think a fair construction of Article 6674a, Revised Civil Statutes, shows a right in the State Highway Department and County Commissioners' Courts to close segments of public highways during construction and repair work. This may appear to invite the argument that when such a road is so closed, it is not a "public highway" as defined in Article 7065a, Section 1(g), since the road so closed is not open to the use of the public as a matter of right, and that the operation of a truck upon such closed segment would, therefore, not be upon a public highway.

However, assuming for the time being that such a closed road is not a public highway within Article 7065a, Section 1(g), that fact alone does not gain a refund. The truck must be unlicensed, for, as noted above, Article 7065a, Section 13(c), refuses a refund of the tax paid on gasoline going into a licensed motor vehicle, regardless of its place of operation, and Article 6675a, Sections 1 and 2, requires the registration of any such vehicles used or to be used upon the public highways of this State, and the closed road falls clearly within the definition of a public highway contained in Article 6675a, Section 1(m). The road certainly is not privately owned, and the State undoubtedly has legislative jurisdiction over it. Hence, the vehicle must be registered to operate in the closed road, and being registered, it's owner cannot claim the tax refund. Of course, a truck which is wrongfully operated without license would not stand in a better position than it would be if properly registered.

We have read Allred vs. Engelman, 61 S.W. (2) 75, 123 Tex. 205, but same has to do with trucks used in farming

operations, which are expressly allowed to use the highways tenporarily without license (Art. 6675a, Sec. 2), and the case is not regarded as authority for such use of the highways by a vehicle not given such privilege.

It is believed that a fair reading of all the statutes cited above leads to the conclusion that the definition of public highway contained in Article 7065a, Section 1(g), did not mean to exclude from its meaning such temporarily closed segments of road, but meant only to exclude private property, so that a man could travel thereon without buying a license and without forfeiting his right of exemption.

Any other interpretation than that made herein would render meaningless the underscored portion of Article 7065a, Section 13(c), quoted above.

The answer is that a refund is not due in any of the situations outlined by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By      /s/ Glenn R. Lewis
        Assistant

GRL:N:jl

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS